IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>Richard Stringer, et al.,<br><br>           Defendants. | Case No. 3:15-CV-00108 |

## ORDER FOR DISBURSEMENT OF FUNDS

[¶1] THIS MATTER comes before the Court on a "Stipulation to Disburse Funds on Deposit" filed on February 27, 2020. See Doc. No. 96. The Stipulation sets forth an agreement among the United States of America, the North Dakota State Tax Commissioner, the "Maple Valley Plaintiffs" (Maple Valley Ag Chemical, Inc., Maple Valley Ag Products, LLC, Maple Valley Oil Assn. Coop, and Pak Ag, Inc.), the Killoran Partnership, and Durward and Phyllis Otterness regarding the distribution of undisbursed funds currently being held by the Clerk of Court. Id.

[¶2] On November 16, 2015, the United States filed a Complaint against Richard and Charlene Stringer ("the Stringers"), also naming the State of North Dakota and Barnes County, North Dakota as parties due to their potential interest in the real property in question. See Doc. No. 1. The United States sought to reduce federal tax assessments to Judgment as a result of the Stringers' failure to file federal tax returns. Id. It also sought to enforce federal tax liens against farmland owned by the Stringers in Barnes County, North Dakota, legally described as:

> The South One-half (S1/2) of Section Thirty (30), Township One-Hundred Forty-one (141) North of Range Fifty-six (56) West of the Fifth Principal Median, Barnes County, North Dakota AND The East One-half (E1/2) of Section Thirty-one (31), Township One Hundred Forty-one (141) North of Range Fifty-six (56) West of the

Fifth Principal Meridian, Barnes County, North Dakota—LESS and EXCEPT a tract of land in the SW1/4 of Section 30, Township 141N 56W of the 5th P.M., Barnes County, North Dakota, commencing at the Northwest Corner of the SW ¼, then continuing due South along the section line a distance 660', thence due East a distance of 627', thence North and parallel to the westerly line, a distance of 660', then due West and parallel to the southerly line, a distance of 627' to the point of beginning, according to the United States Government Survey thereof.

Id. at ¶ 9.

[¶3]  While Barnes County answered the Complaint on January 5, 2016 asserting it had a tax lien against the real property, the State of North Dakota was dismissed from the lawsuit pursuant to a stipulation with the United States. See Doc. Nos. 8, 12. Despite being personally served, neither Charlene nor Richard Stringer answered or otherwise filed a responsive pleading to the Complaint. After the Stringers filed tax returns for the tax years 2005 to 2015, the United States filed a Motion to Amend the Complaint, seeking to reduce to Judgment the federal income tax assessments for the Stringers, more specifically setting out the amounts due for each tax year in question. Doc. No. 22. The Stringers were served a copy of the Amended Complaint; however, they failed to answer or file a responsive pleading. Doc. No. 31.

[¶4]  On September 14, 2018, the United States filed a Motion for Default against the Stringers on the basis that the Stringers had not answered or otherwise responded to either the United States' Complaint or Amended Complaint despite being duly served and the Clerk of Court filed Entries of Default against them. See Doc. No. 62, pg. 3; see also Doc. Nos. 9, 10, and 60. On October 10, 2018, the Court granted the United States' Motion for Default against the Stringers and entered Default Judgment thereafter. Doc. Nos. 65, 66. Finding that the United States' federal tax liens attached to the Stringers' property, the Court ordered that the real property be sold. Id.

[¶5]  On November 6, 2018, the United States moved to consolidate this case with Case No. 3:15-CV-00108, wherein the Maple Valley Plaintiffs were seeking to enforce a mortgage on the

same property at issue in the instant case. See Doc. No. 67. The Maple Valley Plaintiffs named the United States (the Internal Revenue Service), the North Dakota State Tax Commissioner, Durward Otterness, Phyllis Otterness, Killoran Partnership, and all persons unknown, claiming an estate or interest in, or lien or encumbrance upon, the real estate described in the Complaint as defendants due to their potential interests in the property. Id. Because the United States established both cases involved common questions of law or fact, the Court granted the Motion to Consolidate on December 19, 2018. See Doc. No. 69.

[¶6] The United States filed a Motion to Appoint Receiver on May 13, 2019, requesting that the Court appoint a Receiver to sell the property and deposit the funds with the Court, which would later be subject to adjudication as to the parties' priority in the proceeds. See Doc. No. 80. The Court granted the Motion to Appoint Receiver, appointing Max Steffes as Receiver to sell the property. Doc. No. 84. The real property was thereafter sold on July 9, 2019 for a sale price of $1,248,000.00. Doc. Nos. 85, 96.

[¶7] On August 7, 2019, the United States filed an unopposed Motion to Confirm Sale with the Court, seeking an order from the Court (1) confirming the sale of the real property; (2) directing the Receiver to deposit the sale proceeds with the Court's registry; (3) directing the Clerk of Court to distribute $17,803.49 of the proceeds to Barnes County for unpaid real property taxes; and (4) directing the Clerk of Court to hold the proceeds until the parties' claims to the funds had been resolved. Doc. No. 87. On August 16, 2019, the Court granted the Motion and the United States' aforementioned requests, aside from request (3) wherein the Court ordered the Receiver rather than the Clerk of Court to pay Barnes County $17,803.49. Doc. No. 88. After payment was made to Barnes County and other fees related to the sale of the property were taken out of the sale

proceeds, the Receiver deposited the remaining amount of sale proceeds, $1,187,172.01, with the Clerk of Court on August 23, 2019, where they have remained since. See Doc. No. 96, ¶8.

[¶8] On February 7, 2020, the remaining parties, which included the United States, the North Dakota State Tax Commissioner, the Maple Valley Plaintiffs, the Killoran Partnership, and Durward and Phyllis Otterness, notified the Court that they had reached a settlement regarding the distribution of the proceeds. Doc. No. 95. The parties thereafter filed a "Stipulation to Disburse Funds on Deposit" on February 27, 2020. Doc. No. 96. The Stipulation called for the undisbursed funds to be allocated among the parties as follows:

   a. $352,702.51 to the United States of America;
   b. $122,313.25 to the North Dakota State Tax Commissioner;
   c. $238,606.51 to the Maple Valley Plaintiffs; and
   d. $473,549.74 to Durward and Phyllis Otterness.

[¶9] Based on the foregoing, the Court now **ORDERS** the following:

   a. The funds on deposit with the Clerk of the United States District Court in Bismarck, North Dakota, in the amount of $1,187,172.01, be disbursed as follows:

      1. A draft made payable to the United States Treasury in the amount of $352,702.51, plus interest, pro rata, less applicable fees and costs.
      2. A draft made payable to the North Dakota State Tax Commissioner in the amount of $122,313.25, plus interest, pro rata, less applicable fees and costs.
      3. A draft made payable to Fremstad Law Firm in the amount of $238,606.51, plus interest, pro rata, less applicable fees and costs.
      4. A draft made payable to Durward Otterness and Phyllis Otterness in the amount of $473,549.74, plus interest, pro rata, less applicable fees and costs.

   b. Each party shall file a document, under seal, setting forth the full mailing instructions for the disbursement check, including the full street address and zip code, and either a completed IRS Form W-9 or an AO-213.

   c. The Clerk is further directed to disburse the interest earned, pro rata, and to deduct the applicable fees and taxes.

[¶10] **IT IS SO ORDERED.**

DATED March 16, 2020.

/s/ Daniel M. Traynor
Daniel M. Traynor, District Judge
United States District Court